DLD-166                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1135
_____

IN RE:  OMAR POWELL,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to 3:02-cr-00221-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 16, 2020
Before:  RESTREPO, PORTER and SCIRICA, Circuit Judges
(Opinion filed: May 4, 2020)
_____

OPINION*
_____

PER CURIAM

     Omar Powell petitions for a writ of mandamus.  For the reasons that follow, we

will deny the petition.

     In 2007, Powell was convicted in the Lehigh County Court of Common Pleas of

first-degree murder.  He was sentenced to life imprisonment.  At trial, the

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Commonwealth relied in part on a witness named Dimitris Smith, who had been convicted in federal court of a drug charge.

On September 16, 2019, Powell attempted to intervene in Smith's criminal case, seeking to unseal documents pertaining to a motion to reduce Smith's sentence that was based on his cooperation in Powell's prosecution.[1] According to Powell, those sealed documents would contradict Smith's assertion that he was not promised any benefits in exchange for his testimony at Powell's trial. On October 25, 2019, Powell filed a "Supplement Motion for Permissive Intervention," again seeking to unseal the documents related to Smith's sentence reduction. Because the District Court had not taken any action on his motion, Powell submitted a letter on November 21, 2019, inquiring about the status of his request. Powell's mandamus petition was filed in this Court on January 22, 2020.

Issuance of a writ of mandamus is an appropriate remedy in extraordinary circumstances only. Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). Its main purpose is "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943). To justify our use of this remedy, a petitioner must demonstrate that he has a "clear and indisputable" right to the writ. Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976). Although we may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v.

---

[1] Powell filed a similar request in August 2018. The District Court informed Powell that "Smith's docket shows NO record of these types of documents."

2

Myers, 102 F.3d 74, 79 (3d Cir. 1996), the manner in which a court controls its docket is discretionary. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Given the discretionary nature of docket management, there can be no clear and indisputable right to have the District Court handle a case on its docket in a certain manner. See Allied Chem. Corp. v. Daiflon, 49 U.S. 33, 36 (1980).

Powell's motion to unseal has been ripe for determination since September 2019—more than six months' time. The delay presented here has not yet amounted to a failure to exercise jurisdiction, although if it continues the delay could present a matter of some concern. See Madden, 102 F.3d at 79. We are confident that the District Court will rule on Powell's pending submissions without undue delay.

To the extent that Powell asks us to compel the Government to move to unseal the documents, we lack jurisdiction to do so. See 28 U.S.C. § 1361 ("The *district courts* shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") (emphasis added); In re Tennant, 359 F.3d 523, 529 n.4 (D.C. Cir. 2004) (stating that § 1361 "does not confer original jurisdiction on this court; it is well settled that even where Congress has not expressly stated that statutory jurisdiction is exclusive … , a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute"). In any event, it does not appear that mandamus relief would be warranted, as Powell has not shown that the Government "owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984).

3

Accordingly, we will deny the mandamus petition. Petitioner's motion for reduction of copies is granted.